17-0394-cr
*United States v. Powell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand seventeen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge*.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                           17-0394-cr

KIMBERLY POWELL,

> *Defendant*,

JERAGH POWELL, also known as Geragh Powell, also known as Teragh Powell, also known as Jerah Powell,

> *Defendant-Appellant*.

_____

* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

1

| For Defendant-Appellant: | Molly K. Corbett, James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender, Albany, New York. |
|---|---|
| For Appellee: | Jeffrey C. Coffman, Rajit S. Dosanjh, Assistant United States Attorneys of Counsel, *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Syracuse, New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On August 1, 2016, Defendant-Appellant Jeragh Powell pleaded guilty to all four counts of an indictment charging him with three counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. On January 31, 2017, the district court sentenced Powell principally to 41 months' imprisonment on each count, to run concurrently, and to three years of supervised release. Powell appeals his sentence and contends that the district court's application of a § 3A1.1(b)(1) vulnerable victim enhancement pursuant to the United States Sentencing Guidelines ("Guidelines") was procedurally unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*      \*      \*

We apply a "deferential abuse-of-discretion standard" when reviewing the procedural reasonableness of a sentencing decision. *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014). A sentence may be procedurally unreasonable if the district court "makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). The

Guidelines enhancement at issue here applies where "the defendant knew or should have known that a victim of the offense was a vulnerable victim." *United States v. Kerley*, 544 F.3d 172, 180 (2d Cir. 2008) (quoting U.S.S.G. § 3A1.1(b)(1) (internal quotation marks omitted)). "A vulnerable victim is defined as one who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* (quoting U.S.S.G. § 3A1.1 cmt. 2 (internal quotation marks omitted)).

Powell and his co-conspirators participated in a scheme in which victims were led to believe that they had won a large prize in a lottery before thereafter being subjected to mailings and telephone calls designed to defraud them by "soliciting [bogus] tax and fee payments for lottery winnings." J.A. 30. Powell admitted that he participated in the fraud scheme by "print[ing] and mail[ing] to elderly victims documents that falsely stated that the elderly victims had won lottery prizes and were required to pay fees and taxes in order to claim their prizes." J.A. 30; *see also id.* at 31–35. After a victim sent money to claim his prize, Powell's co-conspirators would make repeated phone calls to that victim in order to solicit additional sums of money.

Powell first argues that the district court erred by concluding, contrary to our precedent, that the vulnerable victim enhancement was appropriate based solely on the age of the victims. *See United States v. O'Neil*, 118 F.3d 65, 75 (2d Cir. 1997) ("[B]eing elderly is alone insufficient to render an individual 'unusually vulnerable' within the meaning of 3A1.1(b) . . . ."). We disagree with this characterization of the district court's findings. Instead, the district court concluded, apart from the victims' age, that the evidence showed these victims were particularly susceptible because they were, in fact, duped by "bizarre and preposterous" mailings that "[y]ou would have to be very vulnerable to believe." J.A. 97–98. The district court's finding to this

3

effect is in line with many other cases in which courts have upheld application of the vulnerable victim enhancement because the victims of lottery schemes akin to the one here are "unusually vulnerable." *O'Neil*, 118 F.3d at 75; *see, e.g.*, *id.* at 68–69, 75 (describing scheme that "telephoned individuals . . . and falsely told them they were one of 14 winners . . . [and] they must send some specified amount—usually between $1500 and $5000—to the company in order to receive the award" and observing that "courts frequently have found elderly individuals to be unusually vulnerable to telemarketing fraud schemes very similar to the one involved here" (citing *United States v. Cron*, 71 F.3d 312, 314 (8th Cir. 1995); *United States v. Leonard*, 61 F.3d 1181, 1188 (5th Cir. 1995))); *United States v. Getto,* 586 F. App'x 11, 14–15 (2d Cir. 2014) (summary order) (affirming vulnerable victim enhancement in "lottery telemarketing scheme" that contacted "unwitting victims" and asked them to send sums of money to pay for "taxes and fees . . . in the hopes of obtaining the phantom cash prize," *see United States v. Getto*, 729 F.3d 221, 225 (2d Cir. 2013)).

Powell next argues that his role in the scheme did not involve direct personal contact with any victims, and therefore the district court erred in finding that Powell "knew or should have known that the victim was a vulnerable victim." Def.-Appellant Br. 24 (quoting U.S.S.G. § 3A1.1(b)(1)). We again disagree. At the sentencing hearing, the district court made specific findings that "[t]he mailings that went out are absolutely preposterous and ridiculous and that's why I'm saying that . . . anybody looking at the literature that went out, I think, would have to assume vulnerability on the part of anyone reading this." J.A. 98. The district court also determined that Powell himself knew how vulnerable the victims were based on the following post-arrest statements:

| Powell: | The first time I seen [the mailings], I read it, I didn't um, um, too too follow it because to me it, once I read it it doesn't even look like a, literate person . . . . |
| --- | --- |
| Inspector: | It looks like a scam. |
| Powell: | That's what I'm saying. |
| Inspector: | Okay. |
| Powell: | It doesn't look like a literate person would actually [interrupted]. |

J.A. 99; *see also* J.A. 78. The record also indicates that the defendant knew these victims were previously contacted by his coconspirators in Jamaica and that they were repeatedly targeted individuals. The district court reasonably inferred from these statements and facts in the record that Powell knew or should have known that his victims were particularly susceptible to the criminal conduct at issue.

Based on the record before us, the district court did not err in imposing the vulnerable victim enhancement. We have considered Powell's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5